IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RSL-3B-IL, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-10-2886 |
| SYMETRA LIFE INSURANCE CO. | § | |
| and SYMETRA ASSIGNED | § | |
| BENEFITS SERVICES COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

On August 12, 2010, defendant, Symetra Life Insurance Company, removed this action from the 190th Judicial District Court of Harris County, Texas, where it was pending under Cause No. 2010-41653, styled *RSL-3B-IL, Ltd. v. Symetra Life Insurance Company and Symetra Assigned Benefits Services Company*.  Pending before the court is RSL-3B-IL, Ltd.'s Motion for Remand (Docket Entry No. 3). For the reasons explained below, the motion for remand will be granted and this action will be remanded to state court for lack of subject matter jurisdiction.

## I.  Factual and Procedural Background

On July 7, 2010, plaintiff, RSL-3B-IL, Ltd. ("3B") filed this action in state court against defendants, Symetra Life Insurance Company and Symetra Assigned Benefits Services Company (collectively, "Symetra"), for declaratory judgment, breach of

contract, fraud, actual damages, prejudgment and post-judgment interest, costs of suit, and attorneys' fees.  3B alleged that on May 12, 2005, the Superior Court of Washington for the County of Benton entered an Order Approving Rapid Settlement, Ltd.'s Amended Application for Approval of Transfer of Structured Settlement Payment Rights in Cause No. 04-2-02767-2, pursuant to which 3B obtained the right to receive an Assigned Payment of $60,000 from Symetra on September 2, 2012.  3B alleged that by letter dated July 14, 2005, Symetra acknowledged that it would deliver the $60,000 Assigned Payment to 3B on September 2, 2012, as directed by the May 12, 2005, Benton County court order.[1]  3B alleged that despite the Benton County court order and the July 14, 2005, letter of acknowledgment,

> . . . Symetra is now seeking to offset an unrelated Judgment against the Assigned Payment for a debt that does not belong to [3B].  That is, Symetra is seeking to enforce a long final and non-appealable Judgment against a third party [Rapid Settlements, Ltd.] — as a result of an unrelated lawsuit — by seeking collection against [3B].  *See* Exhibit C.[2]

Exhibit C attached to 3B's petition contains, <u>inter alia</u>, Symetra's Motion for Modification of the Order Approving Transfer of Structured Payment Rights, filed in the Superior Court for the

---

[1]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, pp. 2-3 ¶¶ 6-7.  <u>See also</u> attached thereto, Exhibit A (Order Approving Rapid Settlements, Ltd.'s Amended Application for Approval of Transfer of Structured Settlement Payment Rights), and Exhibit B (July 14, 2005, letter from Symetra to Rapid Settlements, Ltd.).

[2]<u>Id.</u> at 3 ¶ 8.

State of Washington for the County of Benton, in Cause No. 04-2-02767-2, styled <u>In re Rapid Settlements, Ltd.'s Application for Approval of Transfer of Structured Settlement Payment Rights</u>.  In pertinent part Symetra's Motion for Modification alleged:

    C.   <u>RSL's Transfer Of Structured Settlement Payment Rights From Nicholas Reihs</u>.

         On May 12, 2005, this Court approved an amended transfer petition by RSL [Rapid Settlements, Ltd.] under the Washington SSPA [Structured Settlement Protection Act], whereby the payee, Nicholas Patrick Reihs, transferred to RSL his entitlement under a Symetra annuity contract to "$60,000.00 due on September 2, 2012." . . .

         The Order stated that Symetra is "directed to deliver and make payment <u>to Transferee</u>, its successor, and/or assigns" the $60,000.00 payment due on September 2, 2012. If further stated that assigned payment "shall be made payable to and delivered to Transferee at the following address: 5051 Westheimer, Suite 1875, Houston, Texas 77056-5604." . . .

    D.   <u>Symetra's Judgment Against RSL Under Washington's Structured Settlment Protection Act</u>.

         On October 31, 2008, a final principal judgment amount of $39,674.81, was entered in King County Superior Court in favor of Symetra and against RSL. . . . The judgment resulted from a Washington SSPA application in which RSL sought transfer of payment rights from another payee, William Thompson, under an annuity issued by Symetra Life and owned by Symetra Assigned. . . . Because RSL's application violated the Washington SSPA, Symetra filed an objection and the court dismissed the application without prejudice. Thereafter, Symetra filed a Petition for Attorney's Fees and Costs against RSL for fees incurred "as a result of Rapid's non-compliance with the SSPA."  The trial court granted the request and entered judgment for Symetra. RSL appealed the judgment. Division One Court of Appeals affirmed the judgment on July 31, 2006. . . .

         . . .

The Court of Appeals subsequently awarded Symetra its attorney's fees and costs on appeal. . . . RSL next petitioned the Supreme Court for review.  The Supreme Court denied the petition for review. . . . On July 5, 2007, the Supreme Court awarded Symetra additional attorney's fees. . . . The total judgment amount of $39,287.04, including interest through October 27, 2008, was entered in King County Superior Court on October 31, 2008. . . . The outstanding judgment, with interest, currently stands at $44,808.51.

E.   RSL Refuses to Pay the Judgment

Symetra made numerous attempts to collect upon the Thompson Judgment.  The judgment, along with demand letters were ignored. . . .[3]

Based on these allegations, Symetra asserted:

RSL obtained its final Order in this Court on May 12, 2005.  The Order is prospective as Symetra is not obligated to make the payment to RSL until it is due on September 2, 2012.  Symetra brings this motion after numerous attempts to collect upon the Thompson Judgment and prior to the prospective payment date under this Court's Order.  Symetra is entitled to a modified order directing the prospective payments under the final Order to be setoff against the Thompson Judgment.[4]

In the state court petition removed to this court, 3B alleged that it "will show that it has sustained damages in an amount in excess of the minimum jurisdictional limits of this Court [*i.e.*, state court] but not exceeding the amount of $75,000 as of this date, for which amount [3B] herein sues."[5]

---

[3]Symetra's Motion for Modification of the Order Approving Transfer of Structured Payment Rights, Exhibit C to Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, pp. 2-4 ¶¶ II.C-E.

[4]Id. at 7-8 ¶ V.

[5]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, p. 5 ¶ 15.

On August 12, 2010, Symetra filed its Notice of Removal (Docket Entry No. 1) pursuant to 28 U.S.C. § 1441(b).  On September 10, 2010, 3B filed its Motion for Remand (Docket Entry No. 3).

## II.  Analysis

3B contends that this action should be remanded to state court because the amount in controversy is less than $75,000, and that the court should award 3B attorneys' fees incurred responding to Symetra's Notice of Removal.  Federal courts have original jurisdiction over civil actions where the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332.  Since the diversity of the parties is not in dispute,[6] the sole issue in this case is whether the amount in controversy exceeds $75,000.

### A.  Applicable Law

To determine whether jurisdiction is present for removal, the claims in the state court petition are considered as they existed at the time of removal.  See Manguno v. Prudential Property and

---

[6]Defendants' Notice of Removal asserts jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff is a Texas limited liability partnership with its principal place of business in Dallas County, Texas, while defendants are Washington corporations with their principal places of business in Bellevue, Washington.  Notice of Removal, Docket Entry No. 1, p. 2 ¶ IV.  See also Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, pp. 1-2 ¶¶ 2-4 (alleging that plaintiff is a Texas partnership, and that the defendants are Washington corporations).

_Casualty Insurance Co._, 276 F.3d 720, 723 (5th Cir. 2002).  Doubts about the propriety of removal are to be resolved in favor of remand.  _Id._  Symetra, as the party seeking to invoke federal diversity jurisdiction, bears the burden of establishing that the amount in controversy exceeds $75,000.  _Id._  See also _Garcia v. Koch Oil Co. of Tex. Inc._, 351 F.3d 636, 638 (5th Cir. 2003).  "'[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds' the jurisdictional amount."  _Id._ at 638–39 (quoting _De Aguilar v. Boeing Co._, 11 F.3d 55, 58 (5th Cir. 1993)).  The Fifth Circuit has set forth two ways to satisfy this burden.

> First, jurisdiction will be proper if "it is facially apparent" from the plaintiffs' complaint that their "claims are likely above [$75,000]." . . . If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the _facts_ – [either] in the removal petition [or] by affidavit – that support a finding of the requisite amount."

_Id._ (quoting _Allen v. R&H Oil & Gas Co._, 63 F.3d 1326, 1335 (5th Cir. 1995)).  Thus, Symetra bears the burden of proving by a preponderance of the evidence that when it removed this action from state to federal court the amount in controversy exceeded the jurisdictional amount of $75,000.  If Symetra satisfies this burden, 3B must establish to a legal certainty that the claim is really for less than the jurisdictional amount in order to justify remand.  _De Aguilar v. Boeing Co._, 47 F.3d 1404, 1412 (5th Cir.), _cert. denied_, 116 S.Ct. 180 (1995).

-6-

**B.    Application of the Law to the Facts**

Symetra does not contend that it is facially apparent from 3B's original state court petition that the amount in controversy exceeds $75,000.   Instead, asserting that "[i]t is well settled that in determining the amount in controversy under a declaratory judgment claim, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented,'"[7] Symetra contends that the Declaration of Andrea Cook, attached to its Notice of Removal, and the Declaration of Medora A. Marisseau, attached to its response in opposition to 3B's motion for remand, prove that the amount in controversy exceeds $75,000.

Cook identifies herself as Assistant Vice-President of Symetra Life Insurance Company (Symetra Life) and Symetra Assigned Benefits Service Company (SABSCO).   Cook's declaration states that Symetra has obtained the following judgments against RSL:

>    2.    On October 31, 2008, Symetra Life and SABSCO obtained a judgment against Rapid Settlements, Ltd., in Washington in the amount of $39,287.04. (*Thompson Judgment*)  That judgment remains unpaid. The total amount due, through July 27, 2010, is $47,475.97.
>
>    3.    On February 6, 2008, Symetra Life obtained a judgment against Rapid Settlements, Ltd. in Texas, (Nacogdoches County) in the amount of $27,000.00. That judgment remains unpaid.   The total amount due, through July 27, 2010, is $29,700.

---

[7]Response to RSL-3B's Motion for Remand, Docket Entry No. 10, p. 5.

4.   On July 28, 2006, Symetra obtained a judgment against Rapid Settlements, Ltd., in the Washington Court of Appeals, in the amount of $1,212.61. That judgment remains unpaid.

5.   On September 1, 2009, Symetra Life obtained a judgment against Rapid Settlements, Ltd., in the Texas Court of Appeals, 14th District, Houston, in the amount of $633.00. That judgment remains unpaid.

6.   On May 22, 2009, Symetra Life obtained a judgment against Rapid Settlements, Ltd., in the U.S. Court of Appeals, 5th Circuit, in the amount of $174.40. That judgment remains unpaid.

7.   The total amount due and owing to Symetra under the above judgments is more than $75,000.00.

8.   Under Superior Court of Washington, Benton County, case number 04-2-02767-2 (*In re: Rapid Settlements, Ltd.'s Application for Approval of Structured Settlement Payment Rights*) Symetra was obligated to pay $60,000.00 due on September 2, 2012, to the Transferee [*i.e.*, 3B]. (*Benton County Order*)

9.   Under Superior Court of Washington, Cowlitz County, case number 05-2-00434-8 (*In re: Rapid Settlements, Ltd.'s Application for Approval of Structured Settlement Payment Rights and William Thompson*) Symetra was obligated to pay $26,683.00, due on September 13, 2014, to the Transferee [*i.e.*, 3B]. (*Cowlitz County Order*)

10.  RSL-3B Ltd. contends it is entitled to the payment under the *Benton County and Cowlitz County Orders*. Symetra contends it is entitled to offset the judgment amounts from the *Benton County and Cowlitz County Orders*. The Washington Superior Court for Benton County has already ruled that the *Thompson Judgment* is offset from Symetra's payment obligations under the *Benton County Order*. The amount in controversy exceeds $75,000.00[.][8]

_____

[8]Declaration of Andrea Cook, Exhibit A to Notice of Removal, Docket Entry No. 1, pp. 1-2 ¶¶ 2-10.

According to Cook, the amount of the outstanding judgments against RSL total $79,195.98, and the amount of payments that Symetra contends it is obligated to make to RSL is $86,683.

Marisseau identifies herself as national coordinating counsel for structured annuity litigation for Symetra Life Insurance Company and Symetra Assigned Benefits Service Company. Marisseau's declaration describes the attorneys' fees that Symetra contends help to establish the amount in controversy:

> 3.   Prior to July 9, 2010, Symetra incurred $9,431.00 in reasonable attorney fees to enforce a Washington judgment against Rapid Settlements, Ltd[.] and RSL 3-B-IL, a Rapid entity claiming rights to payments from Symetra under two Washington transfer orders.

> 4.   Symetra's attorneys fees in defending against RSL-3-B's declaratory action, which seeks to deny Symetra set off rights under the Washington transfer orders, will likely exceed $10,000.00 based on a reasonable expectation of the time involved in defense of the action, Symetra's litigation history with Rapid and its entities, and the usual and customary hourly rates for attorneys in Dallas.  This is also based on the fact that $3,662.00 in fees has already been incurred in this matter.[9]

Asserting that 3B is RSL's alter ego, and that when "the Original Petition was filed, the amount of the unpaid debt RSL owed Symetra Life was $79,195.98,"[10] Symetra argues that the amount in controversy exceeds $75,000.  Symetra explains that

---

[9]Declaration of Medora A. Marisseau in Support of Response to RSL-3B's Motion for Remand, Exhibit A to Symetra's Response to RSL-3B's Motion for Remand, Docket Entry No. 10, pp. 1-2 ¶¶ 3-4.

[10]Response to RSL-3B's Motion for Remand, Docket Entry No. 10, p. 1.

[b]y seeking a declaration as to RSL-3B's legal right to
prevent Symetra Life from applying a set off against
payments under a Washington SSPA order, RSL-3B seeks a
declaration that would necessarily apply to other
Washington SSPA orders, such as the Cowlitz County order,
where the same entities are involved, the same law
(Washington law) applies, and the same issue is
presented. Because RSL-3B seeks a declaration of rights,
the value of the "right to be protected" is the full
value of the payments claimed by RSL-3B under Washington
SSPA orders, e.g. $86,683. The value of RSL-3B's "injury
to be prevented" under the declaratory relief claim is
the full value of the debt which could be set off. This
includes the amounts due under the judgment, e.g. [the
Thompson Judgment] $79,195.98, along with Symetra's
attorneys fees already expended in collection efforts
prior to the filing of the petition ($9,431.00) in
addition to the fees incurred in defending this matter.[11]

3B argues in reply that remand is proper because Symetra's own

evidence shows that the actual amount in controversy is the amount

of the Thompson Judgment, *i.e.*, $47,475.97 due through July 27,

2010, that Symetra seeks to offset against the Benton County Order,

*i.e.*, $60,000 payable on September 2, 2012.[12]

In an action for declaratory relief "the amount in controversy

is measured by the value of the object of the litigation. . . To

put it another way, the amount in controversy in an action for

declaratory or injunctive relief is the value of the right to be

protected or the extent of the injury to be prevented." Leininger

v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983). 3B's state court

petition alleges that Symetra seeks to offset against an Assigned

---

[11]Id. at 5-6.

[12]RSL-3B-IL, Ltd.'s Reply to Response to Motion for Remand,
Docket Entry No. 11, pp. 8-9 ¶ 10.

Payment of $60,000 that Symetra is due to pay 3B in September of 2012, the value of a judgment that Symetra obtained against a third-party, *i.e.* RSL, in King County, Washington, on October 31, 2008.  By Symetra's own estimate the value of the King County judgment was only $47,475.98 on July 27, 2010, just over two weeks before this action was removed from state to federal court. Symetra's contentions that (1) the amount in controversy includes either the amount of an additional Assigned Payment allegedly due to 3B pursuant to a court order issued in Cowlitz County, Washington, (2) the amounts of additional judgments that Symetra has allegedly received against RSL in the Washington Court of Appeals, Nacogdoches County, Texas, the Texas Court of Appeals, or the Fifth Circuit, or (3) the amounts of attorneys' fees that Symetra has expended trying to collect its outstanding judgments against RSL have no basis in law or fact.

Symetra's contentions have no basis in fact because 3B's state court petition alleges only that Symetra is seeking to offset the Assigned Payment of $60,000.00 that is the subject of the Benton County court order, by the amount of the judgment that Symetra obtained against RSL in King County, which by Symetra's own estimation is only $47,475.97.  3B's state court petition does not allege either that Symetra is seeking to offset the Assigned Payment of $26,683.00 that is the subject of the Cowlitz County court order, or that Symetra is seeking to offset any Assigned

-11-

Payment by the amounts of the judgments that Symetra claims to have obtained against RSL in the Washington Court of Appeals, Nacogdoches County, Texas, the Texas Court of Appeals, or the Fifth Circuit.  Symetra has not cited and the court has not found any legal authority for Symetra's contention that either the amounts of the Assigned Payments that it owes to RSL or the amounts of the judgments that it has obtained against RSL may be aggregated for the purpose of determining the amount in controversy merely because an order in this action concerning the Benton County order might apply to other orders such as the Cowlitz County order.  Nor has Symetra cited any legal authority for its contention that the amounts of attorneys' fees that it has expended in this or any another action constitute the "object of the litigation" for the purpose of determining the amount in controversy.

The "object of the litigation" in this action is the amount of offset — if any — that Symetra is entitled to take as a result of the judgment Symetra received against RSL in King County, Washington — *i.e.*, $47,475.98 on July 27, 2010, under Symetra's own analysis — against the $60,000 Assigned Payment that Symetra is obligated to pay 3B on September 2, 2012, pursuant to the May 12, 2005, Benton County court order (a/k/a the Thompson Judgment). Because neither the amount of the King County judgment to which Symetra contends it is entitled (*i.e.*, $47,475.98), the amount of the King County judgment plus the attorney's fees to which Symetra

-12-

contends it will likely be entitled following the resolution of this action (*i.e.*, $47,475.98 + $9,431.00 + $10,000.00 for a total of $66,906.98), nor the amount of the Thompson Judgment (*i.e.*, $60,000) against which Symetra contends it is entitled to offset the King County judgment exceed the minimal jurisdictional amount of $75,000, the court concludes that Symetra has failed to carry its burden of proving that on August 12, 2010, when this action was removed from state to federal court, the amount in controversy exceeded the minimal jurisdictional amount of $75,000.  Absent proof that the amount in controversy exceeded the jurisdictional amount of $75,000 on the date of removal, remand is proper because the court lacks subject matter jurisdiction over this diversity action.

**C.    3B's Request for Attorneys' Fees**

3B has requested attorneys' fees incurred responding to Symetra's Notice of Removal, but has not submitted any evidence of the amount of attorneys' fees that it has incurred.  Accordingly, 3B's request for attorneys' fees will be denied.

### III.    Conclusions and Order of Remand

For the reasons explained above, the court concludes that Symetra has failed to carry its burden of proving the existence of subject matter jurisdiction for removal of this action from state to federal court.  Accordingly, RSL-3B-IL, Ltd.'s Motion for Remand

(Docket Entry No. 3) is **GRANTED.**   This action is **REMANDED** to the 190th Judicial District Court of Harris County, Texas.   The clerk of this court is directed to promptly send a copy of this Memorandum Opinion and Order to the County Clerk of Harris County, Texas.   RSL-3B-IL, Ltd.'s request for attorneys' fees is **DENIED**.

   **SIGNED** at Houston, Texas, this 19th day of November, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE